**Max D. ROSENBERG, Trustee of State Acceptance Corporation, a bankrupt, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 972.**

United States District Court,
D. North Dakota,
Southwestern Division.

March 16, 1970.

A. William Lucas, Conmy, Conmy, Rosenberg & Lucas, Bismarck, N. D., for plaintiff.

Harold O. Bullis, U. S. Atty., Fargo, N. D., Johnnie M. Walters, Asst. Atty. Gen., Jerome Fink, Brian B. Denton, Attys., Dept. of Justice, Washington, D. C., for defendant.

## ORDER

REGISTER, Chief Judge.

Following rejection by the Internal Revenue Service of his claim for refund of income taxes allegedly illegally, erroneously, or excessively collected, the Plaintiff brought this timely action seeking the relief he was administratively denied. Jurisdiction is vested in this Court by virtue of Title 28, U.S.C.A. § 1346(a) (1).

Subsequent to the filing of its answer, the Defendant submitted a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, wherein it asserts that the undisputed facts, as shown by the pleadings and supportive documents, entitle it to a judgment as a matter of law. The motion has been fully briefed and is ready for disposition.

For the fiscal year ending April 30, 1964, taxpayer (State Acceptance Corporation) filed its corporate income tax return showing a tax due of $25,613.77. This tax return was due on July 15, 1964 but was not filed until July 27, 1964. Because of the late filing an ad valorem penalty in the amount of $1,280.69 (five per cent) was assessed against the taxpayer. In September, 1964 taxpayer executed an offer in compromise (Form 656) whereby it sought to compromise the delinquency penalty for $256.14. Prior to that date taxpayer had made payments totalling $25,613.77, the full amount of income taxes due as shown on its tax return.

The offer in compromise was formally accepted by the Acting District Director early in 1965.

Defendant's position, and the basis of its motion, is that the Plaintiff is precluded from asserting a claim for and recovering income taxes paid for the year in question by the very terms of the compromise agreement. Plaintiff asserts 1) that the offer in compromise was an offer to compromise the delinquency penalty only and in no way affected or included the income tax itself, and 2) that if it be held that there was a compromise of the tax liability, then the compromise agreement should be set aside as one being based on a mutual mistake of a material fact.

Plaintiff's position as stated in 1) above is untenable in view of certain provisions of the compromise agreement and applicable Treasury Regulations, and especially in view of Ely & Walker Dry Goods Co. v. United States, 34 F.2d 429 (8 Cir. 1929), cert. den. 281 U.S. 755, 50 S.Ct. 409, 74 L.Ed. 1165.

Paragraph 4 of the offer in compromise (Exhibit A attached to Defendant's motion for summary judgment) provides, inter alia:

"It is further agreed that upon notice to the proponent of the acceptance of this offer in compromise of the liability aforesaid, the proponent shall have no right to contest in court or otherwise the amount of the *liability* sought to be compromised; * * *." (Emphasis supplied.)

Section 6651 of the Internal Revenue Code of 1954, insofar as is here applicable, provides:

"(a) *Addition to the Tax.*—In case of failure to file any return required * * * on the date prescribed there-

for, * * * there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof * * * ''

Section 6659 of the 1954 Internal Revenue Code provides that:

"(1) The additions to the tax, additional amounts, and penalties provided by this chapter shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes;

"(2) Any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter."

Pertinent to the matter at hand are the following Treasury Regulations on Procedure and Administration:

Section 301.6659–1. *Applicable Rules.*

"(b) *Additions to tax for failure to file return or pay tax.* Any addition under section 6651 * * * to a tax shall be considered a part of such tax for the purpose of the assessment and collection of such tax.

Section 301.7122–1. Compromises.

* * * * * *

(c) *Effect of compromise agreement.* A compromise agreement relates to the entire liability of the taxpayer (including taxes, ad valorem penalties, and interest) with respect to which the offer in compromise is submitted and all questions of such liability are conclusively settled thereby. Specific penalties, however, shall be compromised separately and not in connection with taxes, interest, or ad valorem penalties. Neither the taxpayer nor the Government shall, upon acceptance of an offer in compromise, be permitted to reopen the case except by reason of * * * (2) mutual mistake of a material fact sufficient to cause a contract to be reformed or set aside. * * * ''

Of course, the Treasury Regulations referred to have the force and effect of law, and must be given consistent consideration therewith, unless "clearly unreasonable." Commissioner of Internal Revenue v. South Texas Lumber Company, 333 U.S. 496, 68 S. Ct. 695, 92 L.Ed. 831. We hold that the applicable Regulations are not "clearly unreasonable" in the context of this case.

We believe a reasonable interpretation and construction of the agreement provision (paragraph 4), statutory provisions and Treasury Regulations would lead to the conclusion that the taxpayer has waived any right he may have had to contest his claim in this court or otherwise. However, Defendant's position is buttressed by the opinion of the Court of Appeals for the Eighth Circuit in Ely & Walker Dry Goods Co. v. United States, supra, wherein that court stated, 34 F.2d at page 432:

"We accordingly conclude that the deficiency tax included the penalty and constituted an entire, single liability, that this single liability, treated as such by the parties, was duly compromised, and that such compromise is a bar to this action."

Taxpayer asserts as an alternative ground in opposition to Defendant's motion that the compromise agreement was executed under a mutual mistake of material fact and, therefore, that such agreement should be set aside. Such a ground, if established, is provided as an exception to the conclusiveness established by the relevant Treasury Regulation. Section 301.7122–1, supra.

In Metzler v. Bolen, D.C., 137 F.Supp. 457 (1956), this court stated what it understands the law to be concerning reformation or avoidance of an executed contract. At page 461 we said:

"To justify reformation on the ground of mistake, the mistake must have been made in the drawing of the instrument and not in the making of the contract which it evidences. A

mistake as to the existing situation, which leads either one or both of the parties to enter into a contract which they would not have entered into had they been apprised of the actual facts, will not justify reformation. *It is not what the parties would have intended if they had known better, but what they did intend at the time, informed as they were."* (Emphasis supplied.)

No doubt at the time of the execution of the subject agreement, both parties to this suit acted under the belief that the amount stated as due and owing on taxpayer's income tax return was correct. The fact that now, some years later, taxpayer's trustee comes forward and claims that taxpayer acted under an erroneous belief does not alter the fact that the taxpayer (and the Defendant) intended the agreement to state exactly what it does state. See: Cooper Agency v. United States, D.C., 301 F.Supp. 871, 875 (Syl. 1–4).

Cases cited by the Plaintiff in support of its argument concerning mutual mistake of fact are found by this court to be clearly inapposite or factually distinguishable.

In its reply brief, Defendant argues that Plaintiff is not entitled to raise the claim of mutual mistake since no such assertion was made or submitted in connection with its claim for refund. It is, of course, fundamental that in a tax refund action the contentions made in court must first have been administratively presented by claim for refund. Nemours Corporation v. United States, 188 F.2d 745 (3 Cir. 1951), cert. den. 342 U.S. 834, 72 S.Ct. 50, 96 L.Ed. 631. The gist of the grounds presented by the Plaintiff in its claim for refund is that taxpayer's predecessor management utilized an erroneous accounting practice in accruing interest income on loans of doubtful collectibility. Clearly, this does not amount to a claim of mutual mistake of fact. However, we deemed it appropriate to reach the merits of Plaintiff's argument concerning this aspect of the matter to point out the futility of its position.

For the reasons above stated, we hold that the Defendant is entitled to judgment as a matter of law, there existing no genuine issue of material fact.

Counsel for the Defendant will forthwith prepare and submit form of judgment in conformity herewith.